# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 15-CR-312 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| RODERICK V. BURTON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Roderick Burton, the defendant, is charged with robbing five banks in violation of 18 U.S.C. § 2113(a). Burton, in a consolidated pre-trial motion that incorporates several of his prior pro se filings,[1] now moves this Court to suppress the evidence obtained during a search of his residence, to quash his arrest, and to dismiss the indictment against him. For the reasons set forth herein, Burton's motion [94] is denied.

**Background**

The underlying circumstances of this case are set forth in this Court's prior opinion addressing Burton's first motion to suppress the evidence obtained as a result of the search of his residence. This Court incorporates that description of the facts herein, and adds only those procedural details that are necessary to the resolution of the present consolidated motion.

**Discussion**

Burton first renews his previously denied motion asking this Court to suppress all of the evidence obtained as a result of the search of Burton's residence or, in the alternative, asking this Court to hold a *Franks* hearing.

---

[1] Although hybrid representations are generally forbidden, this Court in its discretion considers those pro se filings that counsel has incorporated by reference into the consolidated pretrial motion. *United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998); *see United States v. Chavin*, 316 F.3d 666, 671 (7th Cir. 2002) (recognizing courts discretion to permit hybrid representations, but reaffirming that they are disfavored). As the Court has previously noted, it will not consider any further documents that Burton files pro se so long as he is represented by counsel.

The Fourth Amendment generally requires law enforcement to secure a warrant, particularly describing the place to be searched and the person or things to be seized, before conducting a search. U.S. Const. amend. IV; *Maryland v. Dyson*, 527 U.S. 465, 466, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999). The essential protection of the warrant requirement lies in its mandate that the usual inferences reasonable people draw from evidence must be drawn "by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Johnson v. United States*, 333 U.S. 10, 13–14, 68 S.Ct. 367, 92 L.Ed. 436 (1948). A magistrate's determination of probable cause is given great deference on review, and the Fourth Amendment requires no more than a substantial basis for concluding that a search would uncover evidence of a crime. *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

A defendant may request an evidentiary hearing to show that a search warrant was invalid and that the search therefore was not constitutionally conducted. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). A defendant is only entitled to such a hearing, however, upon making a substantial preliminary showing that the warrant affidavit contained a false statement or omitted a statement, the affiant made or omitted the statement either intentionally or recklessly, and the statement or omission was material or necessary to the finding of probable cause. *Id.* at 155–56.

As an initial matter, this Court notes that the government has provided a properly executed copy of the Application and Affidavit for a Search Warrant at issue in this case, mooting Burton's argument that the Application and Affidavit was never properly signed by Agent Doorley. Although Burton contends that the properly executed search warrant application "raises new questions" when compared to the prior unsigned version, he fails to identify what questions those might be. The version of the search warrant application that Burton was previously provided with was stamped "RECEIVED MAY 21 2015," was unsigned by the agent, and appears to bear Magistrate Judge Schenkier's stamped signature. The version that the government has just provided, by contrast, was

2

hand-signed by the agent and Magistrate Judge Schenkier, and is stamped "FILED MAY 21 2015." There is no doubt in this Court's mind that the document, which was fully executed and filed, provides a valid basis for the search that occurred in this case.

Burton contends that the search warrant affidavit contains two false statements. The search warrant affidavit states, in pertinent part, that:

> CP Clear and Accurint are electronic databases that provide law enforcement with information about individuals derived from public records and proprietary sources. Law enforcement routinely uses these databases to obtain home addresses and other identifying information for individuals. A search of these databases show that utility records and credit reporting records identify BURTON as residing at the Subject Premises since approximately October 2014.

Burton, however, asserts via a pro se affidavit that Agent Doorley "committed perjury when she stated that a search of utility bills showed defendant lived at 6741 S. Emerald since October of 2014. No such bill exists."

As an initial matter, this Court notes that the presumption of validity of an affidavit supporting a search warrant "cannot be overcome by a self-serving statement which purports to refute the affidavit." *United States v. Reed*, 726 F.2d 339, 342 (7th Cir. 1984). Burton's affidavit is therefore incapable of undermining the presumed validity of Agent Doorley's sworn statement.

Agent Doorley's affidavit, moreover, was not premised on the existence of the utility bills but instead on the fact that the CP Clear and Accurint databases showed that utility records and credit reporting records identified Burton as living at the subject premises. Burton does not challenge this account of what the database showed and he does not question the existence of the credit reporting records that the agent identified. Therefore, even if Burton's affidavit was sufficient evidence, Burton still would not have been able to establish the falsity of the agent's statement or that the agent acted with the requisite culpability.

Burton also challenges the following statement contained in the search warrant affidavit:

3

> Witness A also informed law enforcement that, despite having no employment known to Witness A, Witness A observed BURTON with large amounts of cash in the period between October 2014 and January 2015. Witness A also stated that, in December 2014 and January 2015, he observed that BURTON had recently purchased new furniture, a large television, and a new computer.

Burton asserts that this statement is false because Witness A's statement, taken by Agent Doorley, did not contain the witness' claim that Burton had been seen with large amounts of cash or new possessions. The fact that this information is not contained in the witness statement, however, does not mean that the witness never said it. Burton, moreover, has offered no tangible evidence calling the truthfulness of Agent Doorley's statement into question. Burton has accordingly failed to make a substantial preliminary showing of falsity. Burton also fails to establish the materiality of this statement. Given that Burton was identified by both Witness A and many of the victims, this testimony amounts to little more than bolstering evidence and therefore would not have been material or necessary to the finding of probable cause.

Burton, for the first time in his reply, asserts that a Franks hearing is also required due to inconsistencies in the search warrant application and accompanying affidavit regarding when Witness A was interviewed. Because this argument for a Franks hearing was not raised until Burton's reply, it is waived. *United States v. Hughes,* 970 F.2d 227, 235 n. 6 (7th Cir. 1992). Even if this argument was not waived, moreover, this Court does not perceive a false statement of fact. The search warrant affidavit states that Witness A identified Burton as the robber, and based on this identification, photo lineups with the victims were subsequently conducted. The affidavit, however, does not say when the agent interacted with Witness A, and the evidence before this Court only reflects that Witness A was interviewed by the prosecutor on April 27, 2015. The photo lineups with the victims were held on April 8 and 9, 2015. Burton therefore contends that the affidavit is false because the April 27 interview could not have formed the basis for the April 8 and 9 lineups. The search warrant affidavit, however, does not indicate how many times Witness A spoke with the

investigating agents or when Witness A first identified Burton. The affidavit, moreover, is explicit about the fact that Witness A identified Burton prior to the lineups. Burton, moreover, has offered no evidence establishing that Witness A did not identify Burton prior to the April 8 and 9 lineups. Burton has accordingly failed to overcome the search warrant affidavit's presumption of validity.

This Court therefore concludes that Burton has not made the requisite substantial preliminary showing that the search warrant in question was procured through deliberate or reckless misrepresentations in the warrant affidavit that were material to the probable cause determination. Burton has accordingly failed to establish that he is entitled to a *Franks* hearing.

Burton also contends, in a pro se affidavit, that his arrest should be quashed because the criminal complaint against him was not properly signed. To the contrary, a cursory review of the docket in this case shows that the criminal complaint, which appears as docket item 1, was properly executed by both the investigating agent and the magistrate judge. Burton has accordingly failed to establish a basis for quashing his arrest.

Burton, incorporating arguments from his pro se motion to dismiss, further contends that the indictment was obtained through false grand jury testimony. It is well established that the government may not knowingly present false testimony or fail to correct testimony that is known to be false. *Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). That general obligation extends to testimony presented to a grand jury, and its violation may warrant dismissal of the indictment. *United States v. Hogan*, 712 F.2d 757, 762 (2nd Cir. 1983). However, a district court may not dismiss a grand jury indictment based on such misconduct unless the errors in the proceeding prejudiced the defendant. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988). Prejudice exists when the alleged violations have a substantial effect on the grand jury's decision to indict or when it is "quite doubtful" that the decision to indict was uninfluenced by the violation. *United States v. Brooks*, 125 F.3d 484, 498 (7th Cir. 1997).

Burton alleges, in a number of short conclusory arguments, a series of purportedly false statements made to the grand jury. Burton, however, offers no evidence establishing the false nature of these statements. Burton has also failed to provide this Court with the grand jury transcripts, which are necessary if this Court is to review the veracity of statements made to the grand jury.

Many of Burton's allegations of false grand jury testimony (which are set forth in one of his pro se filings and incorporated by reference into the consolidated pretrial motion) stem from the disclosure of facts or statements not evinced in prior reports or affidavits (such as the fact that Witness A made statements about Burton's van or recognized Burton's sunglasses). The fact that information was not previously reported, however, does not render that information false, and Burton points to no evidence establishing that the testimony in question was false.

Burton also fails to argue or establish the materiality of the alleged errors. In order for this Court to dismiss a grand jury indictment, it would need to hold that the errors in the proceeding prejudiced the defendant. Burton, however, has made no argument as to how the grand jury's decision to indict was substantially influenced by the allegedly false testimony. To the contrary, it is this Court's opinion that the majority of the testimony that Burton challenges merely served to corroborate or bolster the primary evidence against him; the eyewitness identifications.

Finally, Burton challenges the grand jury testimony of an individual named "Edward Riggens," who was identified as Burton's uncle. Burton admits that he has an uncle named "Edward Briggens," but asserts that Mr. Briggens knows how to spell his own name and that "Edward Riggens" therefore must be an imposter. Burton therefore contends that this witness (and the prosecutor who put him on) committed perjury.

As previously noted, the Court does not have the grand jury transcripts before it and therefore cannot assess the veracity of Burton's claim, whether a court reporter misheard or mistyped the witness' name, or even whether a witness identified as "Edward Riggens" testified

before the grand jury at all. Burton, moreover, has also failed to offer any evidence establishing that his uncle's name is Edward Briggens. Burton has thus failed to provide evidence establishing the alleged "perjury" at issue. Even if this Court took Burton's assertions regarding the spelling of his uncle's name and the witness' name at face value, moreover, this Court does not perceive a basis for overturning the indictment.

Edward Riggens and Edward Briggens have the same first name, the same last name but for one letter, the same mailing address, and the same relationship to the defendant. It is clear to this Court that the identification of the grand jury witness as "Mr. Riggens" is more than likely a typo of the sort that is routinely forgiven even when found in indictments or search warrant affidavits. *See United States v. Denny*, 165 F.2d 668, 670 (7th Cir. 1947) (recognizing that the identity of the defendant may be amended in an indictment to correct a stenographic mistake); *United States v. Scott-Kelley*, Crim. No. CR-10-190 JNE/SRN, 2010 WL 5559758, at *8 fn. 2 (D. Minn. Nov. 9, 2010) (overlooking the fact that warrant affidavits misspelled the victim's name when it was clear that all of the applications were referring to the same reported victim). Here, moreover, Burton does not allege any prejudice that resulted from the seemingly mistaken identification, which had no impact on the nature of the witness' testimony. The Court therefore concludes that Burton has failed to establish a basis for dismissing the complaint or indictment against him.

**Conclusion**

For the foregoing reasons, Burton's consolidated pretrial motion [94] is denied in its entirety.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: June 13, 2017